IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DISCIPLINARY PROCEEDINGS | § | NO. 4:08-MC-024-A |
| AGAINST GARY RAY WARREN | § | |

MEMORANDUM OPINION
and
ORDER IMPOSING DISCIPLINE

After having further considered the entire record of Criminal Case No. 4:05-CR-195-A, in which Jeffrey Allen Smith ("Smith") was one of the defendants, including the record of Smith's habeas action, which was carried on the docket of this court as Civil Action No. 4:08-CV-025-A (Criminal Case No. 4:05-CR-195-A), and pertinent legal authorities, the court finds from clear and convincing evidence that Gary Ray Warren ("Warren"), a member of the bar of this court, has engaged in conduct unbecoming a member of the bar and unethical behavior. Therefore, the court has concluded that Warren should be disciplined, as provided in this order.

I.

Background

The court adopts by reference the text under the headings "Pertinent Proceedings in Criminal Case," "The Appeal Warren Filed for Smith," "The Habeas Motion and the Government's

Response," and "The Hearing, in Two Sessions" of the order the court signed in the above-captioned case on June 13, 2008, ("June 13 Order") for a description of the events that led to this disciplinary proceeding and a recitation of the evidence the court has considered in reaching the conclusion that discipline should be imposed on Warren. By the June 13 Order, the court directed that Warren file a document in this proceeding by June 27, showing cause, if he can, why the court should not take disciplinary action against him for each and all of the reasons set forth in the order, and directed Warren to make known to the court by June 27 whether he wished to have a hearing on the subjects of whether sanctions should be imposed on him and whether he wished the court to cause to be available for questioning by him at such a hearing any of the persons who testified at the April 24/May 1, 2008 hearing in Smith's criminal case on grounds of Smith's motion for habeas relief under 28 U.S.C. § 2255. On June 27, Warren filed a document titled "Notice Concerning Court Order of June 13, 2008" in which he said that he "does hereby state that he does not request a hearing in this matter and request [sic] the Court enter judgment of whatever sanction the Court deems appropriate in this matter

without further submissions or hearings, unless such further submissions or hearings are deemed necessary by the Court."[1]

The court concludes that, under the circumstances, there is no need for further submissions or hearings and that a ruling of sanctions is appropriate on the basis of the record already made.

## II.

### The Conduct for Which the Court Has Concluded That Disciplinary Action Should be Taken

In the June 13 Order, under the subheadings "Bases for Sanctions if Warren's Version of Events is Accepted at Face Value" and "Other Bases for Sanctions if the Court Does Not Accept Warren's Version of Events," the court described the conduct of Warren that the court tentatively found was established by the record and provided reasons why sanctions should be imposed on Warren. Those parts of the June 13 Order are adopted here by reference. The court is now satisfied that all of the areas of concern expressed by the court in the June 13 Order are legitimate and factually supported by the record and provide reasons for the imposition of sanctions.

---

[1] Warren said in his June 27 Notice that the statement he made in his notice is without waiver of any right to appeal the Court's sanction in this case.

3

A. The court finds by clear and convincing evidence that Warren engaged in the following conduct that constituted "unethical behavior" within the meaning of Rule LCrR 57.8(b)(3) of the Local Criminal Rules of this court:

1. Rule 1.01 of the Texas Disciplinary Rules of Professional Conduct provides, in relevant part, that:

> (b) In representing a client, a lawyer shall not:
>
> (1) neglect a legal matter entrusted to the lawyer; or
>
> (2) frequently fail to carry out completely the obligations that the lawyer owes to a client or clients.
>
> (c) As used in this Rule, "neglect" signifies inattentiveness involving a conscious disregard for the responsibilities owed to a client or clients.

Warren violated Rule 1.01 in each of the following respects related to his representation of Smith:

a. He neglected timely to meet and confer with Smith concerning Smith's presentence report for the purpose of discussing possible objections Smith might wish to make to the report.

b. He neglected to object to the presentence report-- in particular, he failed to call the court's attention by objection to the presentence report to the failure of the

prosecutor to file a motion for downward departure under USSG § 5K1.1, and to assert whatever other objections might have been appropriate based on the wishes of Smith. Once he realized that the deadline for making objections on behalf of Smith to the presentence report had expired, he neglected to submit proposed objections to the presentence report to the court with a motion asking leave to submit the objections after expiration of the deadline.

  c. He neglected to point out to the prosecutor, Fred Schattman ("Schattman") prior to sentencing that Schattman should have, but had not, filed a motion for downward departure.

  d. He neglected to consult with Smith before informing the court that Smith had no objection to the presentence report.

  e. He neglected to make known to the court at the sentencing hearing that the government should have filed a motion for downward departure based on the extensive assistance and cooperation his client had provided to the government in the investigation and prosecution of others.

  f. He neglected to pursue Smith's appeal after it had been perfected by the filing of the notice of appeal and the payment of the fee for filing the appeal.

g. He neglected to inform Smith that the appeal was at risk of dismissal because of Warren's failure to take the steps essential to the pursuit of the appeal.

h. He neglected to inform Smith that the appeal had been dismissed.

i. He neglected to take steps to cause a court-appointed attorney to replace him as Smith's attorney on appeal once he determined that he did not plan to prosecute the appeal on Smith's behalf.

In each of the respects enumerated in a through i above, Warren neglected a legal matter entrusted to him as Smith's attorney and, in each of these respects, he failed to carry out completely the obligations he owed to Smith as his client. The inattentiveness of Warren to his client's legal interests was a conscious disregard by Warren for the responsibilities owed by Warren to Smith.

2. Rule 3.03(a)(1) of the Texas Disciplinary Rules of Professional Conduct provides in part that "[a] lawyer shall not knowingly: (1) make a false statement of material fact . . . to a tribunal...." Warren knowingly made a false statement of material fact to the court when he represented to the court, under oath, in his affidavit that Smith advised him not to pursue

the appeal. Also, by the representation Warren made in his affidavit he engaged in conduct involving dishonesty, fraud, and misrepresentation in violation of Rule 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct.

3. Warren testified falsely in the following respects at the April 24/May 1, 2008, hearing on Smith's habeas motion:

a. Warren testified falsely when he said that he was instructed by Smith's wife, Rebecca Smith, ("Rebecca") not to pursue the appeal he had perfected from the judgment sentencing Smith.

b. Warren testified falsely when he said that he told Rebecca that he would charge a fee of $9,500.00 if he were to prosecute Smith's appeal.

c. Warren testified falsely when he said that he did not hear from Rebecca again after he gave her an estimate that the fee for a transcript would be around $1,000.00.

d. Warren testified falsely when he said that he concluded his conversation with Rebecca by saying that he was not going to do anything, and that if somebody was going to do something, it wasn't going to be him.

e. Warren testified falsely when he said that he thought Smith and his family were comfortable with him not prosecuting the appeal.

When Warren gave false testimony in the respects mentioned in a through e of this sub-subsection 3, he violated Rule 3.03(a)(1) of the Texas Disciplinary Rules of Professional Conduct by knowingly making false statements of material fact to the court; and, he also violated Rule 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct by engaging in conduct involving dishonesty, deceit, and misrepresentation, and Rule 8.04(a)(2) of the Texas Disciplinary Rules of Professional Conduct by committing the criminal act of perjury, which reflects adversely on his honesty, trustworthiness, and fitness as a lawyer.

B. The court finds by clear and convincing evidence that Warren engaged in conduct unbecoming a member of the bar of this court within the meaning of Rule LCrR 57.8(b)(1) of the Local Criminal Rules of the court in each of the following respects:

1. Each act and omission set forth above that the court has found constituted unethical behavior on the part of Warren constituted as well conduct unbecoming a member of the bar of this court.

2. Warren failed to inform the United States Court of Appeals for the Fifth Circuit that he was not going to prosecute Smith's appeal.

3. Warren represented to Smith, Rebecca, and Smith's father (Charles Smith) that an acceptable procedure for preservation and presentation of Smith's objections to the presentence report, including the government's failure to move under USSG § 5K1.1 for a downward departure, was not to make any objection at or before the sentencing hearing but, instead, to present Smith's objections for the first time in an appeal from his sentence to the Fifth Circuit.

III.

The Discipline the Court is Imposing

Warren has been a member of the bar of this court since April 12, 1996. The information available to the court indicates that Warren has appeared as an attorney in six civil cases before this court (four in the Dallas Division and two in the Fort Worth Division), and thirteen criminal cases, including Smith's (ten in the Dallas division and three in the Fort Worth division). Most of his appearances in criminal cases predate his employment to represent Smith. Warren should have had enough experience by the time he undertook representation of Smith to understand how

9

he should conduct himself as an attorney. The court views each act and omission of Warren, as enumerated above, to be a serious violation of the standards of conduct to which the court expects the members of its bar to adhere.

Warren's violations are not mere lapses. They include deceptions designed to mislead the court and to the end of causing harm to his client. The misrepresentations Warren made to the court in the affidavit he provided the prosecutor for response to Smith's habeas motion and by his testimony at the April 24/May 1 hearing were calculated to do more than to lessen the impact on Warren of his inappropriate conduct. Warren took actions, even through the habeas proceeding, that were designed to inflict significant harm on his former client, Smith.[2]

---

[2] In addition to the false statement he made in the affidavit he gave to the prosecutor that Smith advised him not to pursue the appeal after the notice of appeal had been filed, Warren summed up with the following assessment of Smith's allegations in his habeas motion:

> I have reviewed Jeffrey Smith's allegations and I find them opportunistic and an attempt to reconstruct the facts in my representation to fit into a false perception that Jeffrey Smith will receive a lower sentence if he were to be resentenced in this case.

Resp. to Habeas Mot., App. at 0001. This contemptuous disregard of his client's interests displays, perhaps more than any of Warren's other conduct, his total disregard for the well-being of his former client.

Warren's ethical violations and other conduct unbecoming a member of the bar of this court warrant (a) the extreme sanction of disbarment, (b) an order directing disgorgement of the $3,500.00 fee he received for the representation of Smith,[3] and (c) the publication of this order, including the provision of a copy of this order to the Texas Bar authorities. The court has concluded that no lesser actions would adequately address the conduct of Warren that is generally described in this Memorandum Opinion and Order and more specifically described in the June 13 Order. Therefore,

The court ORDERS that Warren be, and is hereby, disbarred from membership of the bar of this court, and the clerk is hereby ordered to remove his name from the rolls of the members of the bar of this court.

The court further ORDERS that Warren disgorge himself of the $3,500.00 fee that he received for the representation of Smith, and that such disgorgement be accomplished by the payment by

---

[3]The court cannot discern from the record that Smith benefitted from Warren's representation. Rather, almost everything Warren did in his representation of Smith disserved Smith's interests.

11

Warren into the registry of the court of $3,500.00 by July 17, 2008.[4]

The court further ORDERS that the clerk mail copies of this order and the June 13 Order, together with an appropriate cover letter explaining that the items are being sent pursuant to a directive of this order, to the State Bar of Texas at the address set forth below:

> State Bar of Texas
> ATTN: John Neal, Esq.
> Chief Disciplinary Counsel
> La Costa Center
> 6300 La Calma Drive, Suite 300
> Austin, Texas 78752.

SIGNED July 7, 2008.

JOHN McBRYDE
United States District Judge

---

[4] The $3,500.00 to be paid into the registry of the court is subject to further order of the court. The court anticipates that all or some part of it will be used to reimburse the judiciary for payments the court anticipates will be made to court-appointed attorneys for the representation of Smith in connection with his habeas motion and resentencing.